1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name **DAVIS**          **FRANCIS**          **W.**
        (Last)         (First)        (Initial)

3  Prisoner Number **K·80609**

4  Institutional Address **CSATF State Prison, P.O. Box 5242,**

5  **Corcoran, Ca. 93212 -5242**

6             UNITED STATES DISTRICT COURT

7           NORTHERN DISTRICT OF CALIFORNIA

8  **Francis Wayne Davis**
   (Enter the full name of plaintiff in this action.)

                  CV 08   3933

9                 Case No. _____

10         vs.          (To be provided by the clerk of court)

   **Warden Ken Clark**

11                **PETITION FOR A WRIT
                  OF HABEAS CORPUS (PR)**

12 

13                E-filing

14 (Enter the full name of respondent(s) or jailor in this action)

15 

16         Read Comments Carefully Before Filling In

17 When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are.  This usually means the Warden or

3  jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10 A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11     1.  What sentence are you challenging in this petition?

12        (a)   Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14        Santa Clara County Superior Court,   San Jose

15        Court                              Location

16        (b)   Case number, if known  193679

17        (c)   Date and terms of sentence  Sentenced 01-08-98 to 21 years.

18        (d)   Are you now in custody serving this term?  (Custody means being in jail, on

19              parole or probation, etc.)      Yes ✔      No _____

20        Where?

21        Name of Institution: CSATF State Prison, P.O. Box 5242,

22        Address: Corcoran, Ca.  93212 - 5242

23     2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  P.C. § 220

27  P.C. § 245 (A)(1)

28  P.C. § 245 (A)(1)

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

       Arraignment:                      Yes ✓     No _____

       Preliminary Hearing:            Yes ✓     No _____

       Motion to Suppress: DoN't REMEMBER,    Yes _____     No _____

4. How did you plead?

       Guilty _____     Not Guilty ✓     Nolo Contendere _____

       Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

       Jury ✓     Judge alone _____     Judge alone on a transcript _____

6. Did you testify at your trial?            Yes ✓     No _____

7. Did you have an attorney at the following proceedings:

       (a)     Arraignment             Yes ✓     No _____

       (b)     Preliminary hearing      Yes ✓     No _____

       (c)     Time of plea             Yes _____     No _____

       (d)     Trial                  Yes ✓     No _____

       (e)     Sentencing             Yes ✓     No _____

       (f)     Appeal                Yes ✓     No _____

       (g)     Other post-conviction proceeding    Yes _____     No ✓

8. Did you appeal your conviction?         Yes ✓     No _____

       (a)     If you did, to what court(s) did you appeal?

               Court of Appeal          Yes ✓     No _____

               Year: _____    Result: Denied ... Case No. SO 87417

               Supreme Court of California      Yes ✓     No _____

               Year: _____    Result: Denied

               Any other court         Yes ✓     No _____

               Year: _____    Result: U.S.D.C. — Denied.

       (b)     If you appealed, were the grounds the same as those that you are raising in this

1      petition?                                    Yes _____    No ✓_____

2   (c)  Was there an opinion? DON'T KNOW. Yes _____    No_____

3   (d)  Did you **seek** permission to file a late appeal under Rule 31(a)?

4                                            Yes _____    No ✓_____

5      If you did, give the name of the court and the result:

6      _____

7      _____

8   9. Other than appeals, have you **previously filed** any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?        Yes ✓_____    No_____

10     [Note: If you previously **filed** a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition.  You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15  U.S.C. §§ 2244(b).]

16  (a)  If you sought relief in any proceeding other than an appeal, answer the following

17     questions for each proceeding.  Attach extra paper if you need more space.

18  I.  Name of Court: Santa Clara **County** Superior Court, San Jose, CA.

19     Type of Proceeding: Writ of Habeas Corpus

20     Grounds raised (Be brief but specific):

21     a. Sentencing Errors

22     b._____

23     c._____

24     d._____

25     Result: Denied                         Date of Result: 03-01-07

26  II.  Name of Court: Court of Appeal 6th Dist. of California.

27     Type of Proceeding: Writ of Habeas Corpus

28     Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS      - 4 -

1    a. _Sentencing Errors_____

2    b._____

3    c._____

4    d._____

5    Result: _Denied_____ Date of Result:__04-25-07__

6    III.   Name of Court: _Supreme Court of California___

7    Type of Proceeding: _Writ of Habeas Corpus___

8    Grounds raised (Be brief but specific):

9    a. _Sentencing Errors_____

10    b._____

11    c._____

12    d._____

13    Result: _Denied_____ Date of Result:__09-19-07__

14    IV.   Name of Court: _____

15    Type of Proceeding: _____

16    Grounds raised (Be brief but specific):

17    a._____

18    b._____

19    c._____

20    d._____

21    Result: _____Date of Result:_____

22    (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23    Yes _____    No ✓

24    Name and location of court: _____

25    B. GROUNDS FOR RELIEF

26         State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27    support each claim.  For example, what legal right or privilege were you denied?  What happened?

28    Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

1    need more space.  Answer the same questions for each claim.

2    [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3    petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4    499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5    Claim One: *Plaintiff's Sixth Amendment Right to Trial by Jury*

6    *was impaired, unfair, and violated by Judge Hastings.*

7    Supporting Facts: *Plaintiff was sentenced to the aggravated —*

8    *high terms in error ... prejudicial error.*

9    *Claim One's supporting facts continued on page*

10    *eight. Page 8 — 21.*

11    Claim Two: *Plaintiff's Fourteenth Amendment Right was*

12    *violated by the imposed sentence by Judge Hastings.*

13    Supporting Facts: *Court used same prior to enhance and*

14    *double petitioner's sentence ... dual use of a*

15    *prior. Claim Two's supporting facts continued on*

16    *page eight also. Page 8 — 21.*

17    Claim Three: *Plaintiff's Fifth Amendment Right was violated*

18    *by the sentence imposed by Judge Hastings.*

19    Supporting Facts: *The court violated the "Fifth Amendment*

20    *Double Jeopardy Clause." Petitioner was forced to face*

21    *two tribunals concerning Aggravating Factor (GBI).*

22    *Claim three's supporting facts continued on page eight also.*
     *Page 8 — 21.*

23    If any of these grounds was not previously presented to any other court, state briefly which

24    grounds were not presented and why:

25    _____

26    _____

27    _____

28    _____

1       List, by name and citation only, any cases that you think are close factually to yours so that they

2   are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3   of these cases:

4   _____

5   _____

6   _____

7   Do you have an attorney for this petition?        Yes_____    No__✓__

8   ·If you do, give the name and address of your attorney:

9   ._____

10      WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _08-12-08_____        _Francis W. Davis_____

14             Date                       Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS    - 7 -

Page 8.

# Claim One Supporting Facts

Petitioner was convicted of P.C. § 245(A)(1), and P.C. § 220 against Victim #1. Petitioner was also convicted of P.C. § 245(A)(1) against Victim #2.

The court heard the allegations of prior convictions, not the jury, and found allegation of prior conviction true. The jury ruled on the "Aggravating Factors", which was an allegation of Great Bodily Injury (GBI). The jury found the aggravating factor "NOT TRUE." At sentencing the court found GBI true.

P.C. § 245(A)(1) is punishable by 2, 3, or 4 years in state prison; P.C. § 220 is punishable by 2, 4, or 6 years in state prison. Petitioner should have been sentenced to the mid-term of 4 years, not the high-term of 6 years and then the appropriate enhancement should have been added. Plaintiff should have been sentenced to 15 years, not 21 years.

A.   Cunningham overrules Black and compels a reversal.

The U.S. Supreme Court's opinion in Cunningham v. California (No. 05-6551, Jan. 22, 2007) 549 U.S. ___ [2007 U.S. LEXIS 1324]) overruled People v. Black (2005) 35 Cal. 4th 1238 • Cunningham is a straightforward application of Blakely v. Washington (2004) 542 U.S. 296, and the "bright-line rule" of Apprendi v. New Jersey (2000) 530 U.S. 466 "[e]xcept for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" In this case the jury found the alleged aggravating facts "NOT TRUE." (Cunningham, ___ U.S. at p. ___ [2007 U.S. Lexis 1324, pp. 35-36], emphasis added.)

While Cunningham did not address the full term consecutive

1. sentences under Penal Code § 667.6, subdivision (c), it's logic
2. requires a reversal of the effects of a judge-made finding
3. which increases the sentence. Cunningham analyzed the assump-
4. tions in Black, and found that each violated Apprendi's "bright-
5. line rule." (Cunningham, at p. __ [2007 U.S. Lexis 1324, At pp. 39-
6. 40].) Black misunderstood prior U.S. Supreme Court precedent in
7. its erroneous belief that there was no "bright-line rule" on the
8. issue. (Cunningham, at p. __ [2007 U.S. Lexis 1324, at p. 40].)
9. The Black decision is no longer binding authority.
10.     Accordingly, Cunningham held that the Sixth and Fourteenth
11. Amendment requirements of a jury trial and proof beyond a reason-
12. able doubt for upper term aggravating factors, other than prior
13. convictions, apply directly to California's sentencing laws, in exact-
14. ly the same manner that they applied to the Washington sentencing
15. scheme which the U.S. Supreme Court invalidated in Blakely, and
16. to the mandatory federal Guidelines invalidated in Booker.
17. (Cunningham, __ U.S. at p. __ [2007 U.S. Lexis 1324, at pp. 11, 24,
18. 35-37, 39-44].) Petitioner was accorded these federal constitutional
19. guarantees and then they were prejudicially taken away by Judge
20. Hastings. Please see exhibits "A, B, C, and D attached!
21.     In Blakely v. Washington (2004) 524 U.S. 296, [159 L. Ed. 2d
22. 403, 413-414], the Supreme Court held that the trial court's use
23. of an aggravating factor, not found to be true by the jury to in-
24. crease the defendant's sentence above the statutory maximum,
25. violated the rule explained in Apprendi v. New Jersey (2000) 530
26. U.S. 466 [120 S. Ct. 2348, 147 L. Ed. 2d 435]. It held that a de-
27. fendant is entitled to a jury determination of any fact that exposes
28. a defendant to greater punishment than the "maximum" otherwise

1. allowable for the underlying offense.
2. In the instant case based on the Fifth Amendment Double
3. Jeopardy Clause, petitioner was forced to be tried on the aggrava-
4. ting factors by two separate tribunals. First the jury made a ru-
5. ling of "NOT TRUE", and then judge Hastings found allegations of
6. G.B.I. to be TRUE. For a court to conduct this second trial
7. completed by a particular tribunal, is a plain violation of peti-
8. tioner's "valued right to not be placed twice in jeopardy for
9. the same offense." The Fifth Amendment stands in the way
10. of said prejudicial ruling by Judge Hastings.
11. Furthermore, jeopardy from petitioner's trial terminated when
12. the trial court discharged the jury. (Green V. United States
13. (1957) 355 U.S. 184, 191; People V. Superior Court (Marks)
14. (1991) 1 Cal. 4th 56, 75-76.) Once jeopardy terminated on
15. the greater element of upper-term aggravating factors or
16. section 667.6 factors, the trial court has no legal authority
17. to conduct any further proceedings on that issue, let alone
18. impose a criminal sentence as if further proceedings had
19. been conducted and petitioner lost.
20. Violations of fundamental rights can be challenged on
21. habeas corpus if a petitioner can show that certain defects so af-
22. fected the regularity of the trial and conviction "so as to violate
23. the fundamental aspect of fairness and results in a miscarriage
24. of justice." In re Harris, (1993) 5 Cal. 4th 813 [21 Cal. Rptr. 2d
25. 373]. Procedural rights may be considered so fundamental that
26. their violations may be grounds for the issuance of a writ, in-
27. clude denial or impairment of the right to a jury trial. In re
28. Anderson, (1968) 69 Cal. 2d 613 (73 Cal. Rptr. 21).

(10.)

1.     Convictions and sentences that are imposed, but which are in
2. excess of the court's jurisdiction or authority can be redressed
3. through vehicle of habeas corpus where a petitioner demonstrates
4. that a court acted outside of it's legal authority whether or not
5. there has been a delay or prior affirmance of the sentence on direct
6. appeal. In re Birdwell, (1996) 50 Cal. App. 4th 926 (58 Cal. Rptr.
7. 2d 244); In re Hoddinott, (1996) 12 Cal. 4th 992 (50 Cal. Rptr.
8. 2d 706). Sentences found to be in excess of a court's authority
9. include unconstitutional sentences. In re Rodriguez, (1975) 14
10. Cal. 3d 639 (122 Cal. Rptr. 552).
11.     If a court refuses to correct an illegal sentence, a defendant
12. or any other adversely affected party remain at liberty to petition
13. an appellate court for a writ of mandate. See People v. Superior Court
14. (Oliver), 135 Cal. App. 562 (27 P.2d 670). Alternatively, a petitioner
15. or defendant may file a habeas corpus. In re May supra. A
16. sentence that is not authorized by law or that is based on an
17. unconstitutional order can be appealed and/or challenged at any time.
18. People v. Superior Court (Duran), (1978) 84 Cal. App. 3d 480 (148
19. Cal. Rptr. 698); and People v. Ventura, (1978) 84 Cal. App. 3d
20. Supp. 8 (148 Cal. Rptr. 581).
21.     Under Teague v. Lane, 489 U.S. 288, 301 (1989) (Plurality
22. opinion), habeas corpus relief is generally not available if grant-
23. ing relief would require the announcement or application of a new
24. constitutional rule of criminal procedure or a rule that would
25. break new ground or impose a new obligation on the states or
26. the federal government. A case announces a new rule if the
27. result was not dictated by precedent existing at the time the
28. petitioner's sentence became final. See Butler v. McKellar, 494

⑪.

1. U.S. 407, 415 (1990).

2. A new rule will not be applied retroactively on habeas

3. corpus review of convictions that have become "final" before the

4. new rule was announced unless the new rule falls under one

5. of two exceptions:

6. Exception No. (1.) It places certain kinds of

7. individual conduct beyond the power of the criminal law—

8. making authority to proscribe.

9. Exception No. (2.) It is a "watershed rule

10. of criminal procedure" implicating the fundamental fairness and

11. accuracy of the proceeding.

12. In the instant case Judge Hastings' sentencing petitioner

13. to the high-term in a second tribunal was unfair and the

14. proceeding was flawed by his prejudicial actions. Exception

15. No. (2) under Teague v. Lane is satisfied and/or met to

16. gain relief for petitioner, and petitioner is no longer barred

17. from relief because his direct appeal was in fact over

18. in 1999, before the Apprendi Court ruling. The Fifth

19. Amendment rescues petitioner from the double jeopardy ru-

20. ling handed down by Judge Hastings.

21. Once a decision is made, it becomes the "law of the case,"

22. and absent clear error or changed circumstances should not

23. be changed. United States v. Estrada-Lucas, 651 F.2d 1261,

24. 1263-1264 (9th Cir. 1980). The law of the case doctrine

25. provides that a court is generally precluded from reconsidering

26. an issue that has already been decided by the same court, or a

27. higher court in an identical case. United States v. Cuddy, 147

28. F.3d 874, 876 (9th Cir. 1997)(internal quotation and citation

(12.)

omitted).

Given the U.S.S.C.'s Cunningham enunciation, in the instant case the Superior Court abused it's discretion in imposing the upper term sentence even though the "claimed aggravating factors" was found "NOT TRUE" by the impaneled jury. That was an unfair and prejudicial ruling by the court. The way P.C. § 654 was disregarded by the court was also unfair and prejudicial.

The "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the proceeding gives the instant case hope, because the sentencing to the high-term violated fundamental rights, impaired petitioner's right to have his trial completed by a particular tribunal. (Oregon v. Kennedy (1982) 456 U.S. 667, 671-672 [emphasis added]; Crist v. Bretz (1978) 437 U.S. 28, 35-36; People v. Marshall (1996) 13 Cal. 4th 799, 824-825.) This constitutional interest "lies in the need to protect the interest of an accused in retaining a chosen jury," and has "roots deep in the historic development of trial by jury in the Anglo-American system of criminal justice." (Bretz, at pp. 35-36.)

The sentence was imposed in excess of the court's jurisdiction and authority, this court is vested with the authority to rectify and correct said errors. Cunningham, citing Booker, id at 543 U.S. 265; Birdwell, Hoddinott supra.

B.    The remedy is a midterm sentence for the base term accompanied by subordinate terms under section 1170.1 unless there was a jury finding to support the greater sentencing scheme of

13.

1. 667.6
2.     Penal Code section 667.6, subdivision (c) is a discretionary sen-
3. tencing choice. It is "an additional sentencing choice which re-
4. quires a statement of reasons separate from those justifying the
5. decision merely to sentence consecutively." Based on California Supreme
6. Court and other California authority directly on point, and indepen-
7. dently based on the Fifth Amendment Double Jeopardy Clause on
8. two separate grounds, imposition of any sentence above the middle
9. term is not legally permitted and sentencing should be conducted
10. pursuant to section 1170.1 barring any jury finding to invoke sen-
11. tencing under section 667.6 subdivision (c). Accordingly, this
12. Court should reduce the upper-term base sentence to the midterm
13. and any subordinate term should be imposed under section 1170.1.
14. (Penal Code section 1260; People v. Scheuren (1973) 10 Cal. 3d 553,
15. 561-562.)

16.
17. 1. Fifth Amendment Double Jeopardy Clause
18.     On at least two separate grounds, the same result is ob-
19. tained under the Fifth Amendment Double Jeopardy Clause, which
20. applies here as an adjunct to the Sixth and Fourteenth Amendment
21. guarantees that were violated.
22. A. Applicability of the Federal Double Jeopardy Clause
23.     Petitioner reiterates "Apprendi's bright-line rule" which
24. Cunningham held was violated in cases such as this one: "'[U]nder
25. the Due Process Clause of the [Fourteenth] Amendment and the no-
26. tice and jury trial guarantees of the Sixth Amendment, any fact
27. that increases the maximum penalty for a crime must be charged
28. in an indictment [or information], submitted to a jury, or proved

(14.)

1. beyond a reasonable doubt. In this case the "aggrevating factor"
2. was charged in the inditment and submitted to the jury, but the
3. jury did not find the aggrevating factor true beyond a reasonable
4. doubt. The jury was dismissed by the court, however at sentencing
5. the court re-heard the allegation of Great Bodily Injury, found it
6. to be true ... the second time around. Petitioner was twice
7. placed in jeopardy for the same "GBI Allegation."
8.     Irrespective of what penalty provision might be labeled as
9. a matter of state law, it is subject to the Fifth Amendment
10. Double Jeopardy Clause to the same extent that it is subject to
11. the Sixth and Fourteenth Amendments, including under Apprendi.
12. (People v. Seel (2004) 34 Cal. 4th 535, 545, 548-550 [relying
13. on United States v. Burks (1978) 437 U.S. 1, 16].) "For purposes
14. of the [federal double jeopardy] issue here, the precise distinction
15. between a sentence enhancement and a penalty provision is not
16. important. The critical feature is ... "an allegation of a circum-
17. stance that justifies an increased sentence."' (Seel, at p. 547 [ci-
18. tations omitted].)
19. **B.    First Double Jeopardy Ground: Prohibition against multiple**
20. **      trials.**
21.     If a defendant is convicted of a lesser offense and the jury
22. is discharged, the defendant cannot subsequently be charged with and
23. tried for a greater offense that includes the lesser offense, because
24. the lesser inclued offense is the same as the greater offense for
25. double jeopardy purposes. (Brown v. Ohio (1977) 432 U.S. 161,
26. 166.) This is an aspect of the well-known "Blockburger rule."
27. (Blockburger v. United States (1932) 284 U.S. 299, 304.)
28.     Here, the federal Double Jeopardy Clause was violated in

(15.)

1. exactly this manner, the prosecution got a "do-over" first the
2. aggravating upper-term factors were ruled on by the jury, the out-
3. come was not what the prosecution wanted, so at sentencing
4. he had the court to rehear the aggravating upper-term factors,
5. and petitioner was sentenced to the upper-term illegally.
6.    After a conviction or acquittal before a jury, a second prosecu-
7. tion on a greater including offense violates the Fifth Amend-
8. ment. (Brown v. Ohio, supra, 432 U.S. at pp. 166-168; Penal
9. Code section 1023; People v. Lohbauer (1981) 29 Cal. 3d 364,
10. 372.)
11.    Furthermore, jeopardy from petitioner's trial terminated when
12. the trial court discharged the original jury. (Green v. United States
13. (1957) 355 U.S. 184, 191; People v. Superior Court (Marks) (1991)
14. 1 Cal. 4th 56, 75-76.) Once jeopardy terminated on the greater
15. element of upper-term aggravating factors or section 667.6 fac-
16. tors, the trial court has no legal authority to conduct any
17. further proceedings on that issue, let alone impose the upper-
18. term sentence as if the jury had not already ruled on the aggra-
19. vating upper-term factors and found them "NOT TRUE."
20.    Everyone would agree that if a defendant was acquitted on a
21. charge, it terminated jeopardy as to that charge. It would violate
22. the federal Double Jeopardy Clause if the trial court imposed sen-
23. tence on that charge anyway. (Ex Parte Lange (1874) 85 U.S. (18
24. Wall.) 163, 173.) The trial court's imposition of upper-term sen-
25. tences and consecutive sentences in violation of Blakely and
26. Apprendi is no different here. On this basis alone, the Fifth
27. Amendment prohibits it.
28.

C.    Second Double Jeopardy Ground: A Valued Right To Have Trial Completed Before A Particular Tribunal

Separate from the above, there is also a second reason why the prosecution should not be allowed a second "aggravating factor trial," it would constitute federal double jeopardy.

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense. As a part of this protection against multiple prosecutions, the Double Jeopardy Clause affords a criminal defendant a 'valued right to have his trial completed by a particular tribunal.'" (Oregon v. Kennedy (1982) 456 U.S. 667, 671-672 [emphasis added]; Crist v. Bretz (1978) 437 U.S. 28, 35-36; People v. Marshall (1996) 13 Cal. 4th 799, 824-825.) This constitutional interest "lies in the need to protect the interest of an accused in retaining a chosen jury," and has "roots deep in the historic development of trial by jury in the Anglo-American system of criminal justice." (Bretz, at pp. 35-36.)

In the instant case the trial court discharged petitioner's jury after they found the aggravating factor of GBI not true for purposes of giving petitioner a high term sentence.

Now at sentencing, long after petitioner's "first tribunal" (the jury) was discharged, the question is whether the State can convene a "second tribunal" (the judge) to try petitioner on the aggravating factor of GBI again.

For a court to conduct a second hearing on the "aggravating factor" was a plain violation of petitioner's "valued right to have his trial completed by a particular tribunal," and the interests emanating from it, under the Fifth Amendment Double Jeopardy Clause. (Oregon v. Kennedy, supra; Crist v. Bretz, supra.)

1. The Fifth Amendment stands in the way.
2. C.    Recidivism does not render the error in imposing the
3. upper base term or imposing full, consecutive sentences under
4. section 667.6 harmless.
5.        Here, none of the factors used by the trial court pass mus-
6. ter under Cunningham. The mere fact of prior convictions is
7. not an aggravating factor under rule 4.421 unless they are
8. numerous or of increasing seriousness. (Rule 4.421 (b)(2).
9. The court's use of petitioner's criminal history and state prison
10. priors here were based on qualitative, subjective conclusions which
11. are the type of judgement calls that Cunningham, Blakely, and
12. Apprendi reserve for the jury.
13.       In addition, the court cited a number of factors in sup-
14. port of imposing the upper term. The mere fact of one prison
15. prior and reference to criminal history of parole violations were
16. no serious offense was committed ... being out of the state of
17. Texas without consent from parole officer and/or being drunk
18. in public were the last factors mentioned by the court. They
19. are also factors which were used to impose enhancements and
20. double sentence so that they were used to maximum effect and
21. in violation of rules against the dual use of facts. It is other-
22. wise impossible to determine on the record before this court
23. which factors weighed the heaviest in the court's determination
24. that the upper term was appropriate for petitioner. Thus, because
25. the sentencing factors used in petitioner's case do not pass con-
26. stitutional muster under the principles followed in Cunningham,
27. the court erred in imposing the upper term.
28.

D.   Petitioner's List of Exhibits and Their Value.

1) Exhibit "A", Court Reporter Transcript, page 13, lines 14-23. Proves two points... 1) The aggravating factor was found "not true" by the jury (petitioner's chosen tribunal).

2) The prosecution requested that the court try the petitioner a second time as to the aggravating factor, ("G B I") which was charged in the indictment. The judge was the prosecutor's "chosen tribunal," the prosecution does not have a right to a "second or first tribunal" he most definitely does not have a right to a "Do Over".

2) Exhibit "B", Court Reporter Transcript, page 18, lines 13-20. Proves that the court assigned itself as a second tribunal, and imposed the aggravated term as to count four. The court's first sentence is a description of "Great Bodily Injury." The court did not depend solely on other factors not already heard by the jury. This was a cold and calculated act by the Executive and Judicial Branch of Government that they knew was illegal.

3) Exhibit "C", Court Reporter Transcript, page 19, lines 14-22. Shows how the court prejudicially ignores Penal Code § 654 and ran the 2 year sentence for PC § 245 (A)(1) consecutive with the PC § 220 sentence. It is impossible for the courts to be separated. State court was suppose to have the final say on this issue, but now the issue entails a "double jeopardy violation," and that gives this court the right to correct the prejudice errors.

1.     4.) Exhibit "D", Court Reporter Transcript, page 20, lines
2. 6-11. Proves "dual use of a prior conviction", after reading
3. lines 6-11 of exhibit "D" please return to exhibit "B"
4. lines 6-12, its plain to surmise/see that the court used
5. the same prior conviction to enhance and double petitioner's
6. sentence. That renders the sentence illegal.

7.
8.     5.) Exhibit "E", Denial from Superior Court of
9. California, Santa Clara County.

10.
11.     6.) Exhibit "F", Denial from Court of Appeal of the
12. State of California, Sixth Appellate District.

13.
14.     7.) Exhibit "G," Denial from the Supreme Court of
15. California.

16.
17.     Conclusion
18.     The "bright-line rule" of Cunningham, Blakely and
19. Apprendi was at first respected by the court and prosecution,
20. but when petitioner's valued chosen tribunal (the jury) did
21. not find the charged aggravating factor of G B I to be
22. true, the court and the prosecutor conducted a "do over" at
23. sentencing. The court assigned itself as a second tribunal,
24. chosen by the prosecutor for prejudicial reasons. To illegally
25. enhance and double petitioner's sentence.
26.     Petitioner's "direct appeal" was in fact final before Apprendi,
27. however the fundamental fairness and accuracy of the pro-
28. ceedings were "greatly tarnished" by double jeopardy and

1. dual use of a prior conviction. Through these actions by the
2. Executive and Judicial Branches of Government petitioner is
3. a prime canidate for "Exception #2 of Teague V. Lane.
4. These two government officials willingly and knowingly vio-
5. lated the "Fifth Amendment Double Jeopardy Clause," and
6. improper, harsh, and unfair proceedings were carried out at
7. petitioner's sentencing.
8.    For reasons stated throughout this petition, petitioner
9. "PRAYS", that this court:
10.                    1.) Declare the rights of the parties.
11.                    2.) Vacate the underlying sentence
12. and resentence him to 15 years, minus the erroneous 6
13. years that was imposed upon him.
14.                    3.) Grant any other relief this
15. court deems appropriate.
16.
17.    I declare under penalty of perjury that the fore-
18. going is true and correct.
19. Dated: 08-12-08           Sincerely,
20.                         Francis W. Davis
21.
22.
23.
24.
25.
26.
27.
28.

(21.)

Exhibit "A"

13

1      MR. MORENO:  THANK YOU, YOUR HONOR.

2      INITIALLY, AS TO DEFENDANT'S ARGUMENTS RELATED

3  TO ROMERO, THAT WOULD BE SOMETHING THAT SHOULD HAVE BEEN

4  NOTICED, I BELIEVE, TO THE PEOPLE THAT THERE WAS GOING TO

5  BE SUCH A MOTION.  THAT WAS NOT DONE.

6      BUT, HOWEVER, I THINK THE FACTS ARE CLEAR, THE

7  COURT KNOWS OF THE DEFENDANT'S CRIMINAL HISTORY SINCE THE

8  ROBBERY THAT OCCURRED WHEN HE WAS 18 YEARS OLD.  THAT HE'S

9  HAD NUMEROUS VIOLATIONS SINCE THEN.  HE'S BEEN IN AND OUT

10  OF CUSTODY ON PAROLE FOR NUMEROUS OFFENSES THROUGHOUT THE

11  COUNTRY.  AND I'D ASK, BASED ON THE CONDUCT IN THIS CASE

12  AND HIS CRIMINAL HISTORY, THE COURT DENY THAT ROMERO

13  REQUEST.

14      I WOULD RESPOND TO THE AGGRAVATING VERSUS

15  MITIGATING FACTORS.  THERE IS NO QUESTION BUT THAT THE

16  VICTIM IN THIS CASE, ANGELA, WAS PARTICULARLY VULNERABLE.

17  SHE WAS ON CRUTCHES AT THE TIME.  SHE WAS UNABLE TO FLEE

18  BASED ON HER INJURY, AND THAT THE DEFENDANT DID, IN FACT,

19  USE A GREAT DEAL OF VIOLENCE.  AND, ALBEIT, THERE WAS A

20  CHARGE FOR OR THERE WAS A REQUEST AN ALLEGATION OF GREAT

21  BODILY INJURY THAT WAS NOT FOUND TO BE TRUE, I BELIEVE THE

22  COURT CAN STILL CONSIDER THE NATURE OF THE VIOLENCE AS IT

23  WAS PERPETRATED ON BOTH VICTIMS.

24      THE 654 ISSUE, WHICH I THINK IS SOMETHING THAT

25  NEEDS TO BE ADDRESSED, THAT THE PROBATION OFFICER

26  SPECIFICALLY INDICATED THAT HE FELT THAT THE 245 AS TO

27  SANDRA WAS 654 TO THE 220, WHICH IS THE ASSAULT, THE

28  INTENT TO COMMIT RAPE.  AND I WOULD DIFFER WITH THAT FOR

Exhibit "B"

1  AGAIN, THE FIRST TIME I EVER SAW HER WAS WHEN SHE WALKED

2  THROUGH THAT DOOR.  THAT'S ALL I GOT TO SAY.

3         THE COURT:  MR. DAVIS, YOUR APPLICATION FOR

4  PROBATION IS DENIED.  YOU ARE STATUTORILY INELIGIBLE FOR A

5  GRANT OF PROBATION.

6         AS TO COUNT FOUR OF THE INFORMATION, FOR A

7  CONVICTION OF CALIFORNIA PENAL CODE SECTION 220, YOU ARE

8  ORDERED COMMITTED TO THE CALIFORNIA DEPARTMENT OF

9  CORRECTIONS FOR THE TERM OF 12 YEARS.  THAT'S DOUBLE THE

10 TERM, WHICH IS THE AGGRAVATED TERM, BECAUSE OF THE PRIOR

11 STRIKE FELONY CONVICTION FOUND TO BE TRUE AFTER COURT

12 TRIAL.

13        THE COURT IS ELECTING IN THIS CASE TO IMPOSE THE

14 AGGRAVATED TERM BECAUSE THE COURT FINDS THAT THIS CRIME

15 INVOLVED GREAT VIOLENCE, THREATS OF GREAT BODILY HARM,

16 HIGH DEGREE OF CRUELTY, VICIOUSNESS WITH RESPECT TO THE

17 WAY THAT THE VICTIM WAS TREATED.  AND ALSO, OF COURSE, I

18 FIND THAT YOUR CONDUCT INDICATES TO ME THAT YOU POSE A

19 VERY SERIOUS DANGER TO SOCIETY FOR RULE 421(B)(1).  SO,

20 THE AGGRAVATED TERM IS IMPOSED AS TO COUNT FOUR.

21        AS TO COUNT THREE, FOR A CONVICTION OF

22 CALIFORNIA PENAL CODE SECTION 245 SUBDIVISION A.

23 SUBDIVISION 1, WHICH IS A SEPARATE VICTIM, THE COURT

24 ORDERS THAT YOU BE COMMITTED TO THE CALIFORNIA DEPARTMENT

25 OF CORRECTIONS FOR THE TERM OF TWO YEARS, WHICH IS

26 ONE-THIRD OF THE MIDTERM.  THE MIDTERM, AGAIN, IS DOUBLED

27 BECAUSE OF THE STRIKE PRIOR FELONY CONVICTION.  SO,

28 ONE-THIRD OF THE MIDTERM OF SIX YEARS IS TWO YEARS.  THAT

Exhibit "C"

19

1   TWO-YEAR TERM IS ORDERED TO BE SERVED CONSECUTIVE.

2       AND THE CONSECUTIVE BASIS, IN THE COURT'S VIEW,

3   AGAIN, IS THAT THIS WAS A VERY VULNERABLE VICTIM.  IT WAS

4   A SEPARATE VICTIM.  AND SO THE COURT ORDERS THE TWO-YEAR

5   TERM BE SERVED CONSECUTIVE TO COUNT FOUR.

6       COUNT SIX, FOR A CONVICTION OF CALIFORNIA PENAL

7   CODE SECTION 245 SUBDIVISION A. SUBDIVISION 1, THE COURT

8   ORDERS THAT YOU BE IMPRISONED IN STATE PRISON FOR THE TERM

9   OF TWO YEARS.  AGAIN, THAT IS A ONE-THIRD OF THE MIDTERM,

10  THE MIDTERM OF SIX YEARS.  SO, BECAUSE OF THE STRIKE PRIOR

11  FELONY CONVICTION, ONE-THIRD OF SIX YEARS IS TWO YEARS.

12  THAT TWO-YEAR TERM, IN THE COURT'S VIEW, IS NOT BARRED BY

13  PENAL CODE SECTION 654.

14      THE COURT FINDS IT'S A SEPARATE ACT, ALBEIT ON

15  THE SAME VICTIM AS TO COUNT FOUR, BUT IT WAS SEPARATE

16  INSOFAR AS THE FACT THE 220 ASSAULT WITH INTENT TO COMMIT

17  RAPE HAD OCCURRED.  AND THIS WAS A COLD, CALCULATED

18  ASSAULT BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY

19  INJURY AFTER THE 220 WAS COMMITTED.  IT'S A SEPARATE ACT.

20  AND, FOR THAT REASON, THE COURT ORDERS THAT IT CAN BE

21  SERVED CONSECUTIVE.  IT'S NOT BARRED BY PENAL CODE SECTION

22  654.

23      AND THE COURT ORDERS THE CONSECUTIVE TERM TO BE

24  IMPOSED OF TWO YEARS, BECAUSE THE COURT FINDS THAT YOUR

25  PERFORMANCE ON PAROLE HAS BEEN UNSATISFACTORY PURSUANT TO

26  421.5.  AND IT, AGAIN, INDICATES TO THE COURT THAT,

27  ALTHOUGH I'VE ALREADY STATED THIS THAT YOU ARE, IN FACT,

28  IN THE COURT'S VIEW, A VERY SERIOUS THREAT AND DANGER TO

CINDY L. MOHR, C.S.R. #4450

Exhibit "D"

1  SOCIETY.  THE COURT FINDS THAT THE CONSECUTIVE TERM IS

2  BEING IMPOSED BECAUSE OF THE PRIOR PERFORMANCE ON PAROLE

3  WAS UNSATISFACTORY.

4      SO, THE TOTAL TERM SET ON COUNTS FOUR, THREE AND

5  SIX IS 16 YEARS.

6      AS TO THE PRIOR FELONY CONVICTION FOUND TO BE

7  TRUE BY COURT TRIAL PURSUANT TO PENAL CODE SECTION 667(A)

8  AND 1192.7, TO WIT, THE ROBBERY CONVICTION FROM THE COUNTY

9  OF HOUSTON, IN TEXAS, THE COURT ORDERS THAT A FIVE-YEAR

10 TERM BE IMPOSED.  THAT FIVE-YEAR TERM MUST BE SERVED

11 CONSECUTIVE TO THE TERMS PREVIOUSLY IMPOSED.

12     THE TOTAL PRISON COMMITMENT IS SET AT 21 YEARS.

13     NOW, WITH RESPECT TO THE DEFENDANT'S MOTION

14 PURSUANT TO ROMERO, WHICH APPARENTLY I OVERLOOKED AND

15 SHOULD HAVE ADDRESSED PRIOR TO THE IMPOSITION OF ACTUAL

16 SENTENCE, THAT IS DENIED.

17     THE DEFENDANT:  EXCUSE ME, YOUR HONOR.  I TOLD

18 YOU I WOULDN'T GO ON ROMERO AT THIS TIME.

19     THE COURT:  BUT IT'S ON THE RECORD.  SO I'M

20 GOING TO INDICATE IT'S DENIED.  BECAUSE UNDER THE RECENT

21 DECISION, PEOPLE VERSUS WILLIAMS, IT'S CLEAR TO THE COURT

22 THAT TO STRIKE THAT PRIOR STRIKE CERTAINLY WOULD BE

23 OUTSIDE THE SPIRIT OF THE THREE-STRIKE LAW, TAKING INTO

24 ACCOUNT THE PRIOR CRIMINAL BEHAVIOR, THE CHARACTER OF THE

25 DEFENDANT, THE PROSPECTS FOR HIS FUTURE, THE FACTS IN THE

26 PRESENT OFFENSE; THAT TO EXERCISE THE COURT'S DISCRETION

27 IN THIS CASE TO STRIKE THAT PRIOR STRIKE FELONY CONVICTION

28 CERTAINLY WOULD BE OUTSIDE THE SPIRIT OF THE THREE-STRIKE

Exhibit "E"

**FILED**

MAR 0 1 2007

KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
_____ DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

In re                                      )     No.: 193679
                                           )
     FRANCIS WAYNE DAVIS,                  )
                                           )     ORDER
On Habeas Corpus                           )
                                           )

     Mr. DAVIS, (hereinafter Petitioner,) has filed a habeas corpus petition in which he seeks relief based on the United States Supreme Court's holding, in *Cunningham v. California* (2007) 75 U.S.L.W. 4078, that *Blakely v. Washington* (2004) 542 U.S. 296 applies to California's sentencing practices.   However Petitioner's case was final prior to June 24, 2004, (the date *Blakely* was decided) and the *Blakely* rule is not retroactive.   (See *In re Consiglio* (2005) 128 Cal.App.4th 511, *People v. Amons* (2005) 125 Cal.App.4th 855, 864-865, and *Schardt v. Payne* (2005, 9th Circuit) 414 F.3d 1025.) Accordingly, all requested relief or action is denied.

DATED: *March 1*, 2007           LINDA R. CONDRON
                                 JUDGE OF THE SUPERIOR COURT

cc:  Petitioner
     District Attorney
     Research (2-26A)
     CJIC

1

Exhibit "F"



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT



FILED

Court of Appeal - Sixth App. Dist.

APR 2 5 2007

MICHAEL J. YERLY, Clerk

By _____
        DEPUTY

In re FRANCIS WAYNE DAVIS,

on Habeas Corpus.

H031355
(Santa Clara County
 Super. Ct. No. 193679)

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Premo, Acting P.J., Elia, J., and Duffy, J., participated in this decision.)

Dated   APR 2 5 2007                    PREMO, J. _____ Acting P.J.

Exhibit "G"                    S152625

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re FRANCIS W. DAVIS on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
**FILED**

SEP **1 9** 2007

Frederick K. Ohlrich Clerk

_____
Deputy

GEORGE
_____
Chief Justice

(Sample Proof of Service - To Be Attached to All Documents Submitted to the Court)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

*Francis W. Davis*

v.

*Warden Ken Clark*

Case Number: _____

PROOF OF SERVICE
BY MAIL

_____ /

I hereby certify that on **08-12-08**_____, I served a copy
of the attached *Writ of Habeas Corpus*_____,
by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by
depositing said envelope in the United States Mail at CSATP State Prison, P.O. Box 5242
CORCORAN, CA. 93212-5242

(List Name and Address of Each
Defendant or Attorney Served)

I declare under penalty of perjury that the foregoing is true and correct.

*Francis W. Davis*
(Name of Person Completing Service)

Francis W.
CSATF
P.D. Box 5242 / D.2-104
Corcoran, Co. 93212-5242

To: Office of the Clerk, U.S. District Co
Northern District of California
280 South First Street, Room
San Jose, Ca. 95113-3095





8-12-08  CCI  L. DE LA TORRE

LEGAL MATERIALS ONLY

LEGAL MATERIALS ONLY

LEGAL MATERIALS ONLY

LEGAL MATERIALS ONLY